NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3248

IRMA V. MCKELLAR,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: March 14, 2006

_____

Before RADER, SCHALL, PROST, Circuit Judges.

PER CURIAM.

## DECISION

Irma V. McKellar petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the Office of Personnel Management's ("OPM")'s denial of her application for disability retirement under the Federal Employees Retirement System Act of 1986 ("FERS"), § 101(a), Pub. L. No. 99-335, 100 Stat. 514, 516, codified as amended at 5 U.S.C. § 8451 (2000). McKellar v. Office of Pers. Mgmt.,

No. DC-844E-04-0177-I-1, slip op. (M.S.P.B. May 2, 2005) ("Final Decision"). We affirm.

DISCUSSION

I.

Ms. McKellar filed an application for disability retirement with OPM on May 16, 2003. McKellar v. Office of Pers. Mgmt., No. DC-844E-04-0177-I-1, slip op. at 2 (M.S.P.B. Mar. 17, 2004) ("Initial Decision"). In her application, she alleged that she was unable to perform the duties of her job as a GS-7 Program Support Assistant with the Department of Veterans Affairs because of various mental conditions. Id. In a letter dated June 30, 2003, OPM denied Ms. McKellar's application for disability retirement because she failed to establish that her mental disorders prevented her from performing the essential and critical duties of her job. Id. Ms. McKellar requested that OPM reconsider its decision on July 8, 2003. On December 3, 2003, OPM issued a reconsideration decision that sustained its original June 30, 2003 decision.

Ms. McKellar timely appealed OPM's reconsideration decision to the Board, which affirmed OPM's denial of her application for disability retirement in an initial decision dated March 17, 2004. Initial Decision, slip. op at 1. In the initial decision, the administrative judge ("AJ") found that Ms. McKellar had suffered from her mental disorders for a long period of time. Id., slip op. at 4. The AJ then considered two pieces of evidence from the time period in which she was suffering from her mental disorders: Ms. McKellar's supervisor's statement that her attendance was unacceptable and counseling letters that documented Ms. McKellar's improved performance. Id. Based on the foregoing, the AJ found that even with her mental disorders Ms. McKellar "was

able to perform the duties of her position, albeit not always at a fully successful level." Id. The AJ concluded that the sole issue remaining was whether Ms. McKellar's mental conditions made her unable to attend work. Id.

With regard to the question of whether Ms. McKellar's illness made her unable to attend work, the AJ examined the reports of several doctors and concluded that they were not sufficient to show by a preponderance of the evidence that Ms. McKellar was unable to attend her job because of her mental disorders. Id., slip op. at 5-6. The court also considered evidence that Ms. McKellar's husband had been appointed as her representative payee for her Social Security benefits. Id., slip op. at 7. The AJ found that there was no evidence as to why Ms. McKellar had been awarded Social Security benefits and that "the mere fact that [Ms. McKellar] receives them is not a significant factor in determining whether [she] has met her burden of proving entitlement to disability retirement under FERS." Id., slip op. at 8. Therefore, the AJ affirmed OPM's denial of Ms. McKellar's application for disability retirement. Id.

Ms. McKellar petitioned the Board for review of the initial decision. Under 5 C.F.R. § 1201.113, the initial decision became the final decision of the Board when the Board denied Ms. McKellar's petition for review on May 2, 2005. Final Decision, slip op. at 1. Ms. McKellar timely appealed the Board's final decision to this court. We have jurisdiction to review the final decision of the Board pursuant to 28 U.S.C. § 1295(a)(9) (2000).

On appeal, Ms. McKellar argues that the decision to deny her application for disability retirement was not based on a review of the entire record as required by 5 C.F.R. § 1201.56(a)(2) (2006). More specifically, she alleges that the medical records before the Board demonstrated that she could not perform her job duties. Ms. McKellar also argues that the Board failed to consider her Social Security benefits. She contends that because nothing in the record shows that her Social Security benefits related to a physical disability, the AJ should have found that they were related to her mental disorders. The government responds to Ms. McKellar's arguments by noting that the Board considered the fact that Ms. McKellar received Social Security benefits in its initial decision. The government agrees with Ms. McKellar that nothing in the record demonstrated why Ms. McKellar received her Social Security benefits, but argues that it was Ms. McKellar's burden to show why they were received by a preponderance of the evidence. Finally, the government argues that Ms. McKellar is asking us to reevaluate the Board's factual determinations, which is beyond the permissible scope of this court's review of FERS disability cases.

An employee is entitled to disability retirement under FERS if the employee establishes by a preponderance of the evidence that the employee has "complete[d] at least 18 months of civilian service creditable under section 8411" and the employee is "unable, because of disease or injury, to render useful and efficient service in the employee's position." 5 U.S.C. § 8451(a)(1) (2000); see also Trevan v. Office of Pers. Mgmt., 69 F.3d 520, 522 (Fed. Cir. 1995). Our review of a decision of the Board sustaining OPM's denial of a claim for disability retirement under FERS is limited.

Under 5 U.S.C. § 8461(d) (2000), we treat OPM's factual findings of "disability and dependency" as being "final and conclusive and . . . not subject to review." Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 624 (Fed. Cir. 1995) ("OPM's factual findings and conclusions on disability may be reviewed only by the Board (under subsection (e)(1)) and not by this court."). Therefore, our review in this case is limited to assessing whether the Board's decision comprises a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" Anthony, 58 F.3d at 626 (quoting Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985)).

Turning to Ms. McKellar's arguments that the Board erred by failing to consider her medical records and her receipt of Social Security benefits, we find that the Board did not deprive Ms. McKellar of her procedural rights. The Board expressly considered each of the medical records presented by Ms. McKellar. Initial Decision, slip op. at 5-6. The Board discounted one doctor's evaluation because it was internally inconsistent. Id., slip op. at 5. The Board found that other evaluations were based entirely on Ms. McKellar's self-described symptoms rather than medical observation. Id., slip op. at 5-6. Further, the Board noted that these medical reports did not state or otherwise demonstrate that Ms. McKellar was unable to perform her job duties. Id., slip op. at 6. Based on the foregoing, we conclude that the Board evaluated the medical evidence Ms. McKellar submitted and therefore did not err procedurally. To the extent that Ms. McKellar argues that the Board erred in its assessment of the medical evidence, our review of these factual determinations by the Board is barred by section 8461(d).

Finally, we reject Ms. McKellar's argument that the Board erred in its evaluation of her Social Security benefits. In assessing an employee's entitlement to FERS benefits, the Board must consider an employee's receipt of Social Security benefits. Trevan, 69 F.3d at 526. However, the receipt of Social Security benefits alone does not show entitlement to a FERS disability determination as a matter of law. Id. We find that the Board considered the probative value of Ms. McKellar's receipt of Social Security benefits and therefore did not err procedurally. Ms. McKellar's argument that her receipt of Social Security benefits should have been given more weight is a challenge to the Board's factual determinations and is beyond the scope of our review. See 5 U.S.C. § 8461(d).

For the foregoing reasons, the final decision of the Board is affirmed.